WALLACE C. JOHNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET K. JOHNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIRGINIA KELSO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8352, 8353, and 8351. Promulgated November 22, 1927.

*Robert N. Anderson, Esq.*, for the petitioners.
*L. L. Hight, Esq.*, for the respondent.

OPINION.

Morris: The Commissioner in the determination of the deficiencies here in controversy not only increased the amounts of the liquidating dividends claimed by the petitioners, but included the full amount thereof in net income without the deduction therefrom of the March 1, 1913, value of the stock.

Section 201(c) of the Revenue Act of 1918 provides, *inter alia:*

Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

It is clear from the above provision that only the gain realized by a stockholder upón liquidation of the corporation is to be included in net income. The gain in the instant cases is the excess of the amount received over the March 1, 1913, value of the stock. The Commissioner was therefore in error in including the full amount of the liquidating dividends in net income.

The fair market value on March 1, 1913, of the stock owned by Wallace C. Johns, Margaret K. Johns, and Virginia Kelso was $15,344.55, $8,369.76, and $4,184.88, respectively; the amount received in cash and notes on liquidation, as set out in the findings of fact was $32,665.77, $17,817.69, and $8,908.85, respectively. The gain realized by each therefore was Wallace C. Johns, $17,321.22, Margaret K. Johns, $9,447.93, and Virginia Kelso, $4,723.97.

Counsel in his brief contends that the gain of $17,321.22 realized by Wallace C. Johns upon the liquidation should be reduced by $7,802.20, the amount of corporate liabilities which he paid in excess of $43,326.06, the cash originally set aside for the payment of said liabilities. In our opinion said payment was made not by reason of his having been a stockholder in the corporation, who received part of its assets upon dissolution, but as a purchaser of the corporate assets, and merely increased the amount of his investment in them.

*, Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRAMMELL, MURDOCK, and SIEFKIN.